IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL GARDNER,            )
                            )
         Plaintiff,         )
                            )
    v.                      )   No. 13 C 4315
                            )
COUNTY OF COOK, et al.,     )
                            )
         Defendants.        )

MEMORANDUM ORDER

"Words, words, words."[1]

When a reader cuts through the prolix and convoluted language of Michael Gardner ("Gardner") in his newly filed "Complaint Suit for Title 42 U.S.C. §1983 & Title 42 U.S.C. §1985 and Title 42 U.S.C. §1986," it is plain that he is suing (1) Assistant State's Attorney Patrick Tran for his work in carrying out the functions of that office, (2) Judge Daniel Degnan for <u>his</u> work in carrying out the functions of the judicial office and (3) the County of Cook for--it would seem--being the County of Cook. None of those claims withstands scrutiny.

As for Assistant State's Attorney Tran, it has been clear for more than 35 years (see <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976)) that absolute immunity extends to his actions performed in the role of a prosecutor-advocate. Indeed, that doctrine has drawn on the concept of absolute judicial immunity that insulates Judge Degnan from this lawsuit for his actions as a judge in the

---

[1] William Shakespeare, <u>Hamlet</u>, act 2, sc. 2, line 195.

case described in the Complaint--a principle established even earlier in Pierson v. Ray, 386 U.S. 547 (1967). And understandably, the holdings in each of those seminal cases have been repeated and reinforced by many cases over the intervening decades.

As for the County of Cook, of course no such personal immunity applies. But nothing in Gardner's turgid language even hints at a legitimate predicate for targeting it under 42 U.S.C. §§1983, 1985 or 1986.

Because in forma pauperis ("IFP") status requires not only a plaintiff's financial inability to pay the filing fee but also the assertion of a nonfrivolous claim (see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)), Gardner's IFP application is denied. But this action will not be dismissed at this point, because Gardner might conceivably seek to obtain funds for payment of the $400 filing fee and proceed with his action.[2] If Gardner does not pay that filing fee on or before July 9, 2013, this action will be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 13, 2013

---

[2] Gardner should of course be aware that if he were to do so, the principles announced here would be equally applicable in addressing the inevitable motions to dismiss that defendants would be sure to file.