IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL GARDNER,            )
                            )
         Plaintiff,         )
                            )
    v.                      )    No.  13 C 4315
                            )
COUNTY OF COOK, et al.,     )
                            )
         Defendants.        )

MEMORANDUM ORDER

Although the very nature of the self-prepared Complaint by Michael Gardner ("Gardner") raised concerns from the beginning as to whether he would be able to acknowledge and accept the fundamental and long-established principles of law that compelled the rejection of his federal lawsuit, this Court's swiftly issued (and very brief) June 13, 2013 memorandum order ("Order I") sought to explain those legal roadblocks to him.  Because that was done in the context of denying in forma pauperis ("IFP") status, so that Gardner could go forward only on payment of the $400 filing fee,[1] Order I concluded by giving Gardner some four weeks--until July 9--to pay the filing fee if he chose to do so.

On July 9 this Court's courtroom deputy brought into this Court's chambers two documents--each labeled an "Emergency Motion"--that someone (presumably Gardner) had left in the receptacle outside of the courtroom deputy's office--a receptacle

---

[1] On that score Order I at 2 n.2 cautioned Gardner to think seriously before taking such a step, in light of the grounds that this Court had identified for the denial of IFP status.

for the convenience of litigants who wish to deliver such documents as the Judge's courtesy copy of court filings as required by this District Court's LR 5.2(f), or perhaps notices of motions to be presented at a later date, or perhaps other papers intended for this Court's chambers.[2] In any event the so-called "Emergency Motions" generated this Court's issuance of another memorandum order ("Order II") that dismissed both Gardner's Complaint and this action because of the uncured deficiencies that Order I had identified.

To this Court's surprise, the July 11 delivery of documents to this Court's chambers from the Clerk's Office included copies of two different Gardner submissions--this time real filings (Dkt. Nos. 7 and 8)--that bore a July 8 "Judge's Copy" stamp but had not been received in chambers until after Order II had already been issued.[3] Those documents, respectively captioned

---

[2] This Court most naturally assumed that the delivery comprised the LR-required courtesy copies that disclosed (among other things) that Gardner would indeed not be paying the filing fee. But as later events and the case docket have shown, Gardner never filed the two "Emergency Motions" at all! In material part the tone of all of Gardner's submissions appears to reflect that he perceives himself as a free spirit, unconstrained by conventions to which the rest of us adhere as a matter of course. But Gardner must recognize that although nonlawyers who choose to avail themselves of the resources of a federal court are not of course held to the same standards as lawyers who practice here, the nonlawyers are expected to familiarize themselves with the operative ground rules sufficiently to avoid glitches such as the one described in this note.

[3] It's difficult to understand why this Court received one set of Gardner's submissions at one time (assuming that the first

"Motion To Vacate Judgment with Permission To Enter Amended Complaint, Objections, and Motion To Strike" and "Amended Complaint Suit for Title 42 U.S.C. §1983, Title 42 U.S.C. §1985 and Title 42 U.S.C. §1986, Title 18 USC 1621," have regrettably added nothing to indicate that Gardner has absorbed what was sought to be conveyed to him by Order I.

Thus the "Motion To Vacate" simply copies segments of Order I and asks such questions as whether Gardner had mistakenly invoked 42 U.S.C. §§1983, 1985 and 1986 rather than other authorities that would have authorized his action--an obvious lack of understanding that it was not his failure to have selected a proper rubric for his Complaint, but rather the total impermissibility of his lawsuit, that had led to its rejection. In like fashion, Gardner charges that his targeted state court judge and Assistant State's Attorney have committed crimes in carrying out what Gardner himself has described as their conduct carried out in their official capacities.

There is no need to elaborate further. Suffice it to say that the most recent delivery of Gardner's filings has added nothing substantive to the mix or to the ultimate outcome.

---

set was really intended to be filed, that is) and the second set two days later. If all four documents had been in hand at the same time, a single memorandum order could have dispatched all of them while arriving at the same destination. As it is, however, the separate delivery of the two sets to this Court's chambers has necessitated the issuance of this third memorandum order.

3

Accordingly this Court denies the Motion To Vacate and rejects the proposed Amended Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 11, 2013